U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL GERARD HOLMES | DOCKET NO. 06-CV-1427; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| T.W. THOMPSON & MAJOR ROGERS | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Plaintiff Michael Gerard Holmes filed a civil rights complaint (42 U.S.C. §1983) *pro se* and *in forma pauperis*. Plaintiff as ordered to amend his complaint on December 20, 2006 [Doc. #7], and Plaintiff filed an amended complaint on February 20, 2007 [Doc. #10]. April 10, 2007, a Memorandum Order was issued [Doc. #11] ordering Plaintiff to complete documents for service of process and return them to the Court. The Memorandum Order was returned as undeliverable on June 6, 2007. [Doc. #12]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[] ... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District**

2

Court, except upon grounds of plain error.  <u>See Douglass v. United</u>

<u>Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).

    **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this

_____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE